IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

HUDSON ENTERPRISES, INC., d/b/a
River Valley Marina; RAY HUDSON; and
DEBRA HUDSON                                            PLAINTIFFS

v.                           No. 4:15-cv-12-DPM

RISK PLACEMENT SERVICES, INC. and
CERTAIN UNDERWRITERS AT LLOYD'S
LONDON INSURANCE COMPANIES, Subscribing
to Policy #10NCG01559 and Agreement Numbers
NPPI1011456 and NPPI09112456                       DEFENDANTS

## ORDER

**1.** A May 2011 storm damaged some of the floating docks at River

Valley Marina, which is on the Little Maumelle River. Hudson Enterprises,

Inc. does business as the Marina; the corporation is owned by Ray and Debra

Hudson.     Hudson Enterprises had an insurance policy with Certain

Underwriters at Lloyd's, London subscribing to Policy № 10NCG01559. Risk

Placement Services was involved in getting this policy.  In June 2011 Certain

Underwriters denied Hudson Enterprises's claim for the storm damage.

There was an earlier round of litigation, which ended in November 2011

when the Honorable Susan Webber Wright dismissed the case without

prejudice at plaintiffs' request. She conditioned re-filing, though, on payment

of any duplicative costs. № 4:12-cv-391-SWW, № 55. Certain Underwriters and Risk Placement seek dismissal of this new suit.

**2.** Some preliminary points. First, Certain Underwriters and Risk Placement must file a verified bill of any duplicative costs incurred by 10 June 2015. Hudson Enterprises may respond seven calendar days after the filing. The case will be stayed in the meantime. Second, Ray and Debra Hudson lack standing. They didn't contract for this insurance, and therefore can't sue on the policy. *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000).

**3.** The statutory claims fail as a matter of law. No private right of action exists under the Insurance Trade Practices Act. *Design Professionals Insurance Co. v. Chicago Insurance Co.*, 454 F.3d 906, 911–12 (8th Cir. 2006); *Columbia Mutual Insurance Co. v. Home Mutual Fire Insurance Co.*, 74 Ark. App. 166, 175, 47 S.W.3d 909, 914 (2001). And the Deceptive Trade Practices Act doesn't apply to insurance activity in Arkansas. ARK. CODE ANN. § 4-88-101(3); *Williams v. State Farm Mutual Automobile Insurance Co.*, Case No. 5:10-cv-32-JLH, № 31 at 8–9 (E.D. Ark. 22 June 2010).

**4.** The claims for breach of fiduciary duty and bad faith are untimely. The three-year statute applies. ARK. CODE ANN. § 16-56-105; *Stoltz v. Friday*,

-2-

325 Ark. 399, 405, 926 S.W.2d 438, 442 (1996) (fiduciary duty); *Carpenter v. Automobile Club Interinsurance Exchange*, 58 F.3d 1296, 1300 (8th Cir. 1995) (bad faith). Hudson Enterprises's claims accrued in June 2011, when coverage was denied. This case was filed in January 2015, more than three years later. The nonsuited first case doesn't change the limitation analysis: Judge Wright dismissed within the statutory period, so Hudson Enterprises didn't get an extra year to re-file. ARK. CODE ANN. § 16-56-126.

**5.** As defendants acknowledge, Hudson Enterprises has a breach claim against Certain Underwriters that survives for now. № *16 at 8–9*. This is the only claim going forward. Risk Placement wasn't a party to the insurance contract, so it couldn't break that contract. Because there was a contract between Hudson Enterprises and Certain Underwriters that covers the parties' dispute, and no exception is alleged, Hudson Enterprises has no unjust enrichment claim against Certain Underwriters. *Jackson v. Allstate Insurance Co.*, No. 14-1755, 2015 WL 2115528, at *5 (8th Cir. 7 May 2015); *QHG of Springdale, Inc. v. Archer*, 2009 Ark. App. 692, at 10–11, 373 S.W.3d 318, 325 (discussing the general rule and exceptions). Though that kind of claim might exist against Risk Placement, none has been pleaded with sufficient clarity or

plausibility. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Finally, recission will stay in the case — but only as a potential remedy for breach, not as a cause of action.

\* \* \*

Defendants' motions to dismiss, № 7 & 15, are granted in part and denied in part. All of Ray and Debra Hudson's claims are dismissed without prejudice, and they're dismissed as parties, for lack of standing, which undermines subject matter jurisdiction. For various reasons, all of Hudson Enterprises's claims against Certain Underwriters — except its breach-of-contract claim — are dismissed with prejudice. For various reasons, all of Hudson Enterprises's claims against Risk Placement — except the unjust enrichment claim — are dismissed with prejudice. The unjust enrichment claim is dismissed without prejudice. Hudson Enterprises's embedded motion to amend for a third time, № 17 at 1, is denied. With one exception, any amendment would be futile. FED. R. CIV. P. 15. The exception is the potential unjust enrichment claim against Risk Placement, which can (if the facts are there) be addressed in due course based on proposed allegations that are more complete and adequate. LOCAL RULE 5.5(e). Case stayed.

-4-

So Ordered.

D.P. Marshall Jr.
United States District Judge

29 May 2015