IN THE UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
ARKANSAS WESTERN DIVISION

HUDSON ENTERPRISES, INC. d/b/a
RIVER VALLEY MARINA                               PLAINTIFF

VS.                           NO. 4:15-CV-12-DPM

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON INSURANCE
COMPANIES SUBSCRIBING TO
POLICY #10NCG01559
AND AGREEMENT NUMBERS NPP11011456
AND NPP109112456                              DEFENDANT

## RESPONSE AND OBJECTION TO BILL OF COST WITH BRIEF INCORPORATED

Comes the Plaintiff, Hudson Enterprises, Inc. d/b/a River Valley Marina, and for its Response and Objection to Bill of Costs with Brief Incorporated, states:

1. That Defendant's bill of costs should be denied.

2. That Plaintiff is financially broke. It does not have the ability to pay. It has not recovered from the insurance loss and the marina has not been repaired or replaced because the Plaintiff cannot afford to do so.

3. This Court has discretion to deny Defendant's bill of costs and should do so.

4. Plaintiff's lawsuit was not frivolous.

5. That Plaintiff and Defendant are not evenly matched in financial resources. Defendant is the largest insurance conglomerate in the world or close to the largest.

6. That it would be unfortunate to use the possible taxation of costs as a punishment for filing this lawsuit. Rickard v. Swedish Match North America, Inc., (E.D. Arkansas May 9, 2014)

7. Plaintiff really is broke. Plaintiff brought the lawsuit in good faith. For the Court to award costs would have a chilling effect on poor Arkansans suing a global insurance company on a legitimate insurance claim. It would certainly be punitive.

1

II.

8. That Defendant's costs are excessive. Plaintiff's deposition expenses were $2,109.15, as follows:

| | |
|---|---:|
| Rick Angel | $259.30 |
| James Matthews | 52.00 |
| Joseph Story | 96.20 |
| Gary Simpson | 148.10 |
| James Blansett | 144.40 |
| Matthew Brown | 113.10 |
| Philip Tidwell | 133.90 |
| Mark Gray | 575.65 |
| Charles Hudson | 388.90 |
| Debra Hudson | <u>197.60</u> |
| Total | $2,109.15 |

9. That the invoices for depositions submitted by the Defendant reflect that an extra copy of each deposition was purchased by the Defendant. Plaintiff should not be ordered to pay for these charges. Plaintiff did not receive a free copy of the depositions. Plaintiff had to pay for each copy as set out in paragraph 8. That in this District expenses that are taxable as cost are exhibits used at trial. Copying of depositions is not allowed. See <u>Howard v. Nucor-Yamato Steel Company</u>, (E.D. Arkansas October 28, 2015)

10. That the cost of depositions that are investigative or useful for discovery are not allowed. See <u>Howard v. Nucor-Yamato Steel Company</u>, supra.

11. The facts in this case were really not in dispute. The only dispute was the interpretation of the facts and the Court chose to follow Defendant's version. See <u>Howard v. Nucor-Yamato Steel Company</u>, supra.

12. Plaintiff also cites <u>Turner v. Graphic Packaging International, Inc.</u> (February 7, 2014 W.D. Arkansas)

13. Defendant's request for bill of costs should be denied. Plaintiff should also be given credit for the $500.00 the Court previously ordered Plaintiff to pay Defendant.

WHEREFORE, Plaintiff, Hudson Enterprises, Inc. d/b/a River Valley Marina, requests this Court deny the Defendant's request for bill of costs, and for all other proper relief.

Respectfully submitted,

/s/Gregory D. Taylor
Gregory D. Taylor (93080)
8096 Zuber Road
Benton, AR 72019
(501) 847-0017
Facsimile: 501-847-0017
gdt0050@gmail.com

/s/John Ogles
John Ogles
Arkansas Bar No. 89003
Texas Bar No. 00797922
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501) 982-8339
(501) 985-1403 Facsimile
jogles@aol.com

CERTIFICATE OF SERVICE

  I hereby certify that on the 9th day of June, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and I hereby certify that a copy of the above and foregoing will be sent via email to:

David D. Wilson
Friday Eldredge & Clark, LLP
400 West Capitol Ave., Suite 2000
Little Rock, AR 72201-3522
Facsimile: 501-244-5380
wilson@fridayfirm.com

Paul L. Fields, Jr.
Gregory L. Mast
Fields Howell
191 Peachtree Street NE, Suite 4600
Atlanta, GA 30303
Facsimile: 404-214-1251
pfields@fieldshowell.com
gmast@fieldshowell.com


/s/John Ogles
John Ogles

4

**DONALD RICKARD, Plaintiff,**

v.

**SWEDISH MATCH NORTH AMERICA, INC., Defendant.**

Case No. 3:12-cv-00057 KGB.

United States District Court, E.D. Arkansas, Jonesboro Division.

May 9, 2014.

# ORDER

KRISTINE G. BAKER, District Judge.

Before the Court is defendant Swedish Match North America, Inc.'s ("SMNA") verified **bill** of **costs** (Dkt. No. 67) and plaintiff Donald Rickard's motion for order staying verified **bill** of **costs** (Dkt. No. 73). SMNA seeks **costs** in the amount of $2,156.72. The Court declines to award **costs** to SMNA. Given the nature of this Order, the Court denies as moot Mr. Rickard's motion for order staying verified **bill** of **costs**.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, **costs**—other than attorney's fees—should be allowed to the prevailing party." Under Rule 54(d)(1), "[a] prevailing party is presumptively entitled to recover all of its **costs**." *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007) (citation omitted). "Despite this presumption, however, the district court has substantial discretion in awarding **costs** to a prevailing party." *Greaser v. Mo. Dep't of Corrs.*, 145 F.3d 979, 985 (8th Cir. 1998). For example, "[i]t is of course within a court's discretion to deny **costs** because a plaintiff is poor or for other good reason . . . ." *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982); see *Boas Box Co. v. Proper Folding Box Corp.*, 55 F.R.D. 79, 81 (E.D.N.Y. 1971) ("[W]here the antagonists are very unevenly matched in size, resources, and stability, it would be unfortunate to use the possible taxation of **costs** as a sword of Damocles . . . ."). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (citation omitted) (internal quotation marks omitted).

In his objection to SMNA's verified **bill** of **costs**, Mr. Rickard states that he "is of modest means" and "brought this lawsuit in good faith, and honestly believed he was a victim of discrimination" (Dkt. No. 72, at 2). Based on Mr. Rickard's objection and under the circumstances, the Court concludes that awarding **costs** to SMNA would be inequitable and punitive and could have a chilling effect on persons who might seek to enforce their rights under antidiscrimination laws. *See Roeben v. BG Excelsior Ltd. P'ship*, No. 4:06-cv-01643 JLH, 2008 WL 340486, at *1 (E.D. Ark. Feb. 5, 2008) (declining to award **costs** in any amount after stating that "[a]n award of **costs** at or near the amount sought by [defendant] would be punitive. Awarding such **costs** would have a chilling effect on persons who might seek to enforce their rights . . . ."). For these reasons, the Court declines to award **costs** to SMNA.

SO ORDERED.

Save trees - read court opinions online on Google Scholar.



EXHIBIT A

**ROBERT C. HOWARD, Plaintiff,**

v.

**NUCOR-YAMATO STEEL COMPANY; and JOHN DOES 1-10, Defendants.**

No. 3:14CV00202 JLH.

United States District Court, E.D. Arkansas, Jonesboro Division.

October 28, 2015.

# OPINION AND ORDER

J. LEON HOLMES, District Judge.

This is a personal injury case that was tried before a jury, which rendered a verdict in favor of Robert C. Howard in the amount of $288,492. One day after judgment was entered on the verdict, Howard filed a motion for **costs** under Rule 54(d). He sought **costs** in the total amount of $11,339.63, supported by an itemized invoice. He did not, however, support the application for **costs** with an affidavit as required by 28 U.S.C. § 1924. After Nucor-Yamato Steel Company responded to the motion, objecting to several of the items of **costs** claimed, Howard filed a reply and attached to his reply a verified **bill** of **costs** as required by the statute. He not only verified the **bill** of **costs** but also agreed to reduce his claim for **costs** to the total amount of $8,669.63.

Under the Federal Rules of Civil Procedure, "[u]nless a federal statute, these rules, or a court order provides otherwise, **costs**—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Eighth Circuit has held that Rule 54(d) codifies a rebuttable presumption that the prevailing party is entitled to **costs**. *Leonard v. Southwestern Bell Corp. Disability Income Plan*, 408 F.3d 528, 533 (8th Cir. 2005) (citing *Martin v. DaimlerChrysler Corp.*, 251 F.3d 691, 696 (8th Cir. 2001)). The **costs** available under the rule are stated in 28 U.S.C. § 1920:

A judge or clerk of any court of the United States may tax as **costs** the following:

   (1) Fees of the clerk and marshal;

   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

   (4) Fees for exemplification and the **costs** of making copies of any materials where the copies are necessarily obtained for use in the case;

   (5) Docket fees under section 1923 of this title;

   (6) Compensations of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and **costs** of special interpretation services under section 1828 of this title.

   A **bill** of **costs** shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920, *amended by* Pub. L. No. 110-406, § 6, 122 Stat. 4291, 4292 (2006) (amended 2008). Not all expenses of litigation are **costs** taxable against the losing party, and within the statutory framework of **costs** eligible to be taxed, the district court has discretion in determining and awarding **costs** in a given case. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987); *Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). The district courts may not tax **costs** beyond those expressly authorized in § 1920. *Crawford*, 482 U.S. at 445, 107 S. Ct. at 2499. "Section 1920 imposes 'rigid controls on cost-shifting in federal courts . . . .'" *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (citing *Crawford*, 482 U.S. at 444, 107 S. Ct. at 2499).

The first disputed issue is whether Howard can recover not only the **costs** of stenographic transcripts of the depositions of his expert witnesses, Drs. Stodghill and Day, but also the **costs** for the videographer who recorded the depositions and edited the



recordings for trial. Nucor points to the disjunctive in 28 U.S.C. § 1920(2), which provides for recovery of fees "for printed *or* electronically recorded transcripts necessarily obtained for use in the case[.]" (Emphasis added.) On the other hand, Howard points out that the Court requires a stenographic transcript in addition to the video-recording for recorded depositions used at trial because the stenographic transcript becomes an exhibit for purposes of appeal. Furthermore, both parties required edits to be made to the original recordings, so, as Howard points out, it would be unfair to charge Howard with the expense of editing the recordings when Nucor, itself, made demands for certain aspects of the recordings to be edited. Nucor's objection to taxing as **costs** both the stenographic transcript and the video-recording, as well as the cost of editing the recording for use at trial, is overruled.

The next dispute relates to the **costs** of the depositions of witnesses who did not testify at trial and whose depositions were not used at trial, including John Bennett, Stanley Dean, and Earnie Brown, the first responders who provided first aid care to Howard at the scene and who transported him to the emergency room, as well as James Shelton, a Nucor supervisor who came to the scene after the accident occurred. Whether to tax as **costs** the expense of depositions of witnesses who were not called at trial is within the sound discretion of the court. Compare *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 763 (8th Cir. 2006) (holding that the district court did not abuse its discretion in refusing to award **costs** for witnesses who did not testify at trial) and *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (holding that the district court did not abuse its discretion in awarding **costs** for depositions that were not used at trial).

Here, as noted, the witnesses at issue were first responders and a Nucor supervisor who came to the scene immediately after the accident occurred. Both sides listed the individuals in question as potential witnesses. According to Howard's reply brief, he made the decision not to call these witnesses only after other testimony was introduced that made their testimony cumulative. He also says that defense counsel refused to release these witnesses until after he had determined that he would not need them.

The issue under the statute is whether the fees for the deposition transcripts were "necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). Based on the representations by Howard in his reply brief, the Court concludes that these deposition transcripts were necessarily obtained for use in the case. Furthermore, because it was uncertain as to whether the testimony of these witnesses would be needed, and because defense counsel also required them to remain present until after he determined that he did not need them, taxing of the witness fee is appropriate and will be allowed.

The next issue relates to the photocopying charges of $4,503.35. Of that amount, $2,393.75 represents copying charges during the month of trial. Although Howard has not separated the copying expenses related to exhibits for use at trial from other copying expenses, he maintains that all or nearly all of the $2,393.75 was for exhibits for use at trial, because he prepared four sets of exhibits for use at trial: one for his use, one for defense counsel, one for the witness, and one for the court, which amounted to eight volumes of binders and two bankers' boxes full of documents.

"Costs" is a term of art that is narrower than "expenses." *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297, 126 S. Ct. 2455, 2459-60, 165 L. Ed. 2d 526 (2006); *Hadix v. Johnson*, 322 F.3d 895, 899 (6th Cir. 2003); *Walitalo v. Iacocca*, 968 F.2d 741, 750 (8th Cir. 1992); 10 WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2666 (3d ed. 1998). The practice in this district and in other districts in the Eighth Circuit in taxing **costs** pursuant to § 1920(4) has been to deny expenses for copying of discovery-related items. See *Fields v. Shelter Mut. Ins. Co.*, No. 4:05CV01924, 2007 WL 1702512, at *6 (E.D. Ark. June 11, 2007) (holding that "expenses incurred in copying documents to be produced in discovery" are not taxable **costs** under § 1920); *Uni-Systems, Inc. v. Delta Air Lines, Inc.*, No. CIV. 4-96-973, 2002 WL 505914, at *3 (D. Minn. March 28, 2002) (the cost of copying documents to be produced during discovery is not taxable); *Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1093-94 (D. Minn. 1999) (same); *Emmenegger v. Bull Moose Tube Co.*, 33 F.Supp. 2d 1127, 1133 (E.D. Mo. 1998) (declining to award as **costs** the expense of "a party's copying of documents to be produced in discovery"); *Nelson v. Darragh Co.*, 120 F.R.D. 517, 519 (W.D. Ark. 1988) (taxing as **costs** only the copies of documents introduced at trial); *Evans v. Fuller*, 94 F.R.D. 311, 315 (W.D. Ark. 1982) (absent prior approval, the only copying expense that may be taxed as **costs** are for exhibits actually used at trial). Disallowing the **costs** of copying documents produced in discovery is consistent with the rule that depositions "that are merely investigative, preparatory, or useful for discovery, rather than for presentation of the case typically are not taxable **costs**." *Jackson v. United Parcel Service, Inc.*, No. 4:07CV00276, 2008 WL 783344, at *1 (E.D. Ark. March 25, 2008) (citing *Koppinger v. Cullen-Schiltz and Assoc.*, 513 F.2d 901, 911 (8th Cir. 1975); WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE § 2678, at 428). The Eighth Circuit has held that this practice is not an abuse of discretion. *Little Rock Cardiology Clinic, P.A. v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009). The Court will tax as **costs** of making copies for exhibits for use at trial under 28 U.S.C. § 1920(4) the amount of $2,393.75 for the four sets of exhibits that were prepared for use at trial as described above.

## CONCLUSION

For the reasons stated, Robert C. Howard's motion for an award of **costs** is GRANTED IN PART and DENIED IN PART. **Costs** are awarded as follows:

| | |
|---|---|
| Filing fee | $400.00 |
| Witness costs | $360.00 |
| Copying costs for exhibits at trial | $2,393.75 |
| Transcription costs | $3,406.28 |
| TOTAL | $6,560.03 |

Save trees - read court opinions online on Google Scholar.

BYRON W. TURNER, Plaintiff

v.

GRAPHIC PACKAGING INTERNATIONAL, INC., Defendant.

Case No. 2:12-CV-02114.

United States District Court, W.D. Arkansas, Fort Smith Division.

February 7, 2014.

# ORDER

P.K. HOLMES, III, Chief District Judge.

Currently before the Court are Defendant Graphic Packaging International, Inc.'s ("Graphic Packaging") **bill** of **costs** in the amount of $1,743.10 (Doc. 38) and Plaintiff Byron W. Turner's response in opposition (Doc. 39). On January 23, 2014, the Court ruled in favor of Graphic Packaging on a motion for summary judgment and dismissed Plaintiff's complaint with prejudice. Graphic Packaging filed a **bill** of **costs** on February 3, 2014, pursuant to Federal Rule of Civil Procedure 54(d)(1), which states that "[u]nless a federal statute, these rules, or a court order provides otherwise, **costs**—other than attorney's fees—should be allowed to the prevailing party."

In evaluating a prevailing party's **bill** of **costs**, the court is afforded substantial discretion. _Computrol, Inc. v. Newtrend, L.P._, 203 F.3d 1064 (8th Cir. 2000) (citing _Greaser v. State, Dept. of Corrections_, 145 F.3d 979, 985 (8th Cir. 1998), cert. denied, 525 U.S. 1056 (1998)). The indigency of the losing party is a factor to consider when determining whether to award **costs**. _Lampkins v. Thompson_, 337 F.3d 1009, 1017 (8th Cir. 2003) (affirming that district court "properly considered [losing party's] indigency" in denying some **costs** and reducing others); _Poe v. John Deere Co._, 695 F.2d 1103, 1108 (8th Cir. 1982) ("It is of course within a court's discretion to deny **costs** because a plaintiff is poor or for other good reason . . .).

Plaintiff avers in his response in opposition to the **bill** of **costs** that he is indigent and "solely relies on Social Security Disability and food stamps as his sole source of income." (Doc. 39, p. 1). Considering Plaintiff's lack of ability to pay **costs** and the non-frivolous nature of the lawsuit he filed, the Court in its discretion declines to award **costs** in this matter.

IT IS THEREFORE ORDERED that Defendant Graphic Packaging International, Inc.'s **bill** of **costs** (Doc. 38) is DENIED.

IT IS SO ORDERED.

Save trees - read court opinions online on Google Scholar.

EXHIBIT C